UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENJAMIN SALOFI ASAELI,

            Petitioner,

v.

RON FRAKER,

            Respondent.

NO. C12-5613 RJB/KLS

ORDER GRANTING MOTION TO STAY

Before the Court is Respondent's Motion to Stay the federal habeas petition filed by Petitioner Benjamin Salofi Asaeli. ECF No. 16. Respondent requests a stay of the petition pending the outcome of Mr. Asaeli's state court personal restraint petition. *Id.* Mr. Asaeli is not opposed to the motion. ECF No. 17.

Having reviewed the parties' submissions and being fully advised, the Court finds that this matter should be stayed pending resolution of Mr. Asaeli's state court proceedings.

**PROCEDURAL HISTORY**

Mr. Asaeli is in the Washington Department of Corrections' custody pursuant to a 2006 conviction by jury verdict for first degree murder, first degree assault, second degree murder, and possession of a stolen firearm, committed on October 30, 2004. ECF No. 16, Exhibit 1. Mr. Asaeli's conviction became final for purposes of state law on November 17, 2009, when the Washington Court of Appeals issued its mandate in his direct appeal. ECF No. 16, Exhibit 5; RCW 10.73.090(3). It became final for purposes of federal law on February 2, 2010, which is 90 days after the Washington Supreme Court denied review. *Id.*, Exhibit 4. See 28 U.S.C. §

ORDER - 1

2244(d)(1)(A) (defining starting date for purposes of 1–year limitations period for filing a federal habeas petition as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). *See also Jimenez v. Quarterman*, 555 U.S. 113, 118-19 (2009).

Mr. Asaeli filed a personal restraint petition on November 17, 2010. ECF No. 16, Exhibit 6. In it, he raised some of the claims that he raised in his federal habeas petition, including ineffective assistance of counsel for failure to call material defense witnesses and erroneous admission of gang evidence. The Washington Court of Appeals dismissed the petition. *Id.,* Exhibit 7. Mr. Asaeli then moved for discretionary review in the Washington Supreme Court. *Id.*, Exhibit 8. The Washington Supreme court has ordered a substantive response from the state. *Id.*, Exhibit 9, at docket entry dated August 31, 2012.

The federal statute of limitations has run for a little over nine months. Mr. Asaeli's personal restraint petition is tolling the federal statute of limitations under 28 U.S.C. § 2244(d)(1)).

**FEDERAL HABEAS PETITION CLAIMS**

Mr. Asaeli filed his federal habeas petition on July 10, 2012. He raises five grounds for relief including:

(1) Prosecutorial misconduct regarding use of a PowerPoint during closing argument.

(2) Admission of prejudicial evidence regarding gangs.

(3) Cumulative error.

(4) Ineffective assistance of counsel.

    (5)    Ineffective assistance of counsel regarding failure to call six material defense witnesses.

ECF No. 2.

## DISCUSSION

The Court may stay a petition where the stay would be a proper exercise of discretion. *Rhines v. Weber*, 125 S. Ct. 1528, 1534 (2005); *see also Fetterly v. Paskett*, 997 F.2d 1295 (9th Cir. 1993); *Calderon v. United States Dist. Court (Thomas)*, 144 F.3d 618, 620 (9th Cir. 1998); *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000).

The Court agrees that a stay of this federal habeas proceeding is the appropriate course of action and that neither party shall be prejudiced by such a stay. Mr. Asaeli's federal habeas petition contains claims that he raised in his state court personal restraint petition. His pending personal restraint petition was timely filed and is tolling the federal statute of limitations. ECF No. 16, Exhibit 8 (raising claims of ineffective assistance of counsel and erroneous admission of gang evidence). If the Washington Supreme Court grants his personal restraint petition in whole or in part, one or more of his federal habeas petition claims will be moot.

The stay shall remain in place until such time as Mr. Asaeli notifies this Court and the Respondent in writing that the pending state court proceedings are completed.

Accordingly, it is **ORDERED:**

(1)    Respondent's motion to stay (ECF No. 16) is **GRANTED** and this matter is **STAYED** pending resolution of the state court proceedings.

(2)    Petitioner shall advise the Court within **thirty (30)** days of receiving a final State court ruling.

1  (3)  The Clerk shall send copies of this Order to Petitioner and counsel for
2 Respondent.

   **DATED** this  22nd  of October, 2012.

   Karen L. Strombom
   United States Magistrate Judge

ORDER - 4