UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENJAMIN SALOFI ASAELI,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL OBENLAND,<br><br>Respondent. | CASE NO. 12-5613 RJB/KLS<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 26. The Court has reviewed the Report and Recommendation, objections to the Report and Recommendation, and the remaining file.

In this petition for habeas corpus brought pursuant to 28 U.S.C. § 2254, Petitioner Benjamin Salofi Asaeli seeks relief from his conviction for first degree murder, first degree assault, and possession of a stolen firearm. Dkt. 1. Mr. Asaeli raises six grounds for relief. *Id.* The Report and Recommendation recommends finding that claims 2, 3, 4, and 6 were not properly exhausted. Dkt. 26. It recommends finding that claims 1 and 5, though properly

exhausted, should be denied on the merits. *Id.* Accordingly, the Report and Recommendation recommends denying the petition and dismissing the action with prejudice. *Id.*

The facts and procedural history are in the Report and Recommendation (Dkt. 26, at 1-17) and are adopted here. For ease of reference, his claims are repeated here:

1. The prosecutor violated Mr. Asaeli's constitutional rights to a fair trial and to due process under the 5th, 6th, and 14th amendments when the prosecutor committed misconduct in closing argument because the PowerPoint slides that he used misstated the law, trivialized the burden of proof, and provided opinions on Mr. Asaeli's credibility.

2. The trial court's admission of prejudicial gang evidence violated Mr. Asaeli's "5th, 6th, and 14th amendment rights to a fair trial and due process of law."

3. Cumulative error denied Mr. Asaeli's "5th, 6th, and 14th amendment rights to a fair trial and due process of law."

4. Mr. Asaeli was denied effective assistance of counsel when his trial counsel failed to request a lesser included offense jury instruction on manslaughter.

5. Mr. Asaeli was denied effective assistance of counsel when his trial counsel failed to call additional character witnesses to the witness stand.

6. Convicting Mr. Asaeli of first degree and second degree murder and first degree assault for shooting into a car occupied by Faalata Fola and Tiare-Ann Misionare violated double jeopardy. "The Washington Supreme Court and prosecutor talored [sic] a remedy contrary to United States Supreme Court precedent, relief is required."

Dkts. 2 and 22.

Mr. Asaeli filed objections to the Report and Recommendation on August 2, 2013. Dkt. 27. This opinion will first address Mr. Asaeli's objections regarding claims 2, 3, 4, and 6, the claims that the Report and Recommendation concludes are not properly exhausted and should be dismissed as a result. This opinion will then turn to objections regarding the recommendations that claims 1 and 5 should be dismissed on the merits. Lastly, this opinion will address a portion of claim 6 on the merits.

A. **EXHAUSTION**

"A state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Poyson v. Ryan*, 711 F.3d 1087, 1102 (9th Cir. 2013) (*citing Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "A petitioner can satisfy the exhaustion requirement by providing the highest state court with a fair opportunity to consider each issue before presenting it to the federal court." *Id*. (*quoting Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999)). A petitioner's brief to the state courts needs to apprise the state that he is making a claim under the U.S. Constitution, and describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden,* 399 F.3d 993, 998-999 (9th Cir. 2005) (*citations and internal quotation marks omitted*). A state prisoner must have "characterized the claims he raised in state proceedings specifically as federal claims." *Castillo*, at 999.

> A petitioner may provide further facts to support a claim in federal district court, so long as those facts do not 'fundamentally alter the legal claim already considered by the state courts. This rule allows a petitioner who presented a particular ineffective assistance of counsel claim, for example that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts supporting that particular claim. This does not mean, however, that a petitioner who presented any ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim.

*Poyson*, at 1102 (*internal quotations and citations omitted*). "While new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not fundamentally alter the legal claim already considered by the state courts." *Beaty v. Stewart*, 303 F.3d 975, 989–90 (9th Cir. 2002).

This opinion will now address the objections regarding claims 2, 3, 4, and 6, which are recommended to be held as unexhausted.

ORDER ON REPORT AND
RECOMMENDATION- 3

**Claim 2: The trial court's admission of prejudicial gang evidence violated Mr. Asaeli's "5th, 6th, and 14th amendment rights to a fair trial and due process of law."**

The first claim the Report and Recommendation recommends is unexhausted is Mr. Asaeli's second claim, the trial court's admission of prejudicial gang evidence violated Mr. Asaeli's right to a fair trial under the due process clause. Dkt. 26.

Mr. Asaeli's objections do not provide a reasonable basis to reject the recommendation that this claim should be dismissed as unexhausted. He first asserts that the Report and Recommendation agrees that he has exhausted this claim and provides, "[t]herefore he did complete one full round of state court review." Dkt. 27, at 2 (*citing* Dkt. 26, at 20). Mr. Asaeli misstates the Report and Recommendation; it actually reads as to this claim, "[t]herefore he did **not** complete one full round of state court review." Dkt. 26, at 20 (*emphasis added*).

Aside from the misquote, Mr. Asaeli does not dispute the Report and Recommendation's finding that he did not present this claim as a federal constitutional claim to the Washington Court of Appeals. He argues, instead, that he "notified the Washington Supreme Court, that the Federal Constitution was violated and argued his Right to a Fair Trial was violated." Dkt. 27, at 2. He notes that he "cited to the 6th and 14th Amendments, U.S. Constitution, in his previous argument in regards to prosecutorial misconduct and the Constitutional Guarantee of a Fair Trial." *Id.* He asserts then, that "any argument following that, 'Gang Evidence violated Asaeli's Right to a Fair Trial,' should be sufficient notice on the nature of [his] federal claim." *Id.*

His arguments regarding his brief to the Washington State Supreme Court are insufficient to show exhaustion. The U.S. Supreme Court has held that, in order to have properly exhausted a claim, a habeas petitioner present his federal claims "in each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). He does not dispute that he failed to raise the issue as a federal constitutional issue in the Washington Court of Appeals. Petitioner's claim that the trial court's

admission of prejudicial gang evidence violated Petitioner's right to a fair trial under the due process clause should be dismissed as unexhausted.

> **Claim 3: Cumulative error denied Mr. Asaeli's "5th, 6th, and 14th amendment rights to a fair trial and due process of law."**

The next claim that Report and Recommendation concludes is unexhausted is Mr. Asaeli's claim three, cumulative error denied his right to a fair trial and due process of law. Dkt. 26. The Report and Recommendation provides that "[a]lthough Mr. Asaeli raised [this claim] as a federal constitutional claim in the Washington Supreme Court on direct review, he did not cite to federal law in his opening brief in the Washington Court of Appeals." Dkt. 26, at 21. It continues, "[t]hus he failed to complete one full round of state court review and the claim is unexhausted." *Id.*

Petitioner's objections do not provide a reasonable basis to reject the recommendation that this claim should be dismissed as unexhausted. He argues that his prior citations to state and federal constitutional provisions regarding other claims was sufficient to put the Washington Court of Appeals on notice that he intended this claim to be raised in the context of both the federal and state constitutions. Dkt. 27. This does not meet exhaustion requirements. A state prisoner must have "characterized the claims he raised in state proceedings specifically as federal claims." *Castillo*, at 999. In his brief to the Washington Court of Appeals, Mr. Asaeli argues that "cumulative error denied Asaeli his right to a fair trial." Dkt. 24, ex. 4, at 41. Mr. Asaeli then cites state court cases in support of his argument. *Id.* In their decision, the Washington Court of Appeals rejects Mr. Asaeli's claim, and relies on state court cases. Dkt. 24, ex. 3, at 48-49. Further, "citation of a relevant federal constitutional provision in relation to some other claim does not satisfy the exhaustion requirement." *Castillo,* at 999. His claim regarding cumulative error must be dismissed as unexhausted because he failed to present the claim as a

federal constitutional claim to "each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

**Claim 4. Mr. Asaeli was denied effective assistance of counsel when his trial counsel failed to request a lesser included offense jury instruction on manslaughter.**

The Report and Recommendation concludes this claim is also unexhausted. Dkt. 26, at 21. Mr. Asaeli objects and argues that he did present the issue to the Washington Court of Appeals in supplemental briefing. Dkt. 27, at 3. The Report and Recommendation provides: "Mr. Asaeli did not raise this claim in any form in his state court briefing." Dkt. 26, at 21. It stated that the Washington Court of Appeals denied his motion to amend his briefing to include this claim. *Id*. The Report and Recommendation then noted that the Washington Court of Appeals decision stated:

> After oral argument, Williams and Asaeli moved to amend their appeals to include a claim that their trial counsel were ineffective for failing to ask the trial court to instruct the jury on the lesser included offense of manslaughter. We denied these motions. We note that although Vaielua raised this issue in his opening brief, Williams and Asaeli did not attempt to adopt any of Vaielua's arguments. We do not reach Vaielua's argument on this issue because we reverse and dismiss his conviction for insufficient evidence.

In his petition for review to the Washington Supreme Court, he argued that court should address the issue raised in his supplemental brief. Dkt. 24, Ex. 7, at 16. He states that he "moved to file a Supplemental Brief of Appellant arguing that trial counsel was ineffective for failing to request a lesser included instruction on manslaughter. The Court of Appeals denied the motion." *Id*. at 16-17.

Even if it could be argued that Mr. Asaeli presented, as a federal constitutional claim, the issue of ineffective assistance of counsel based on counsel's failure to request a jury instruction on the lesser included offense of manslaughter, he failed to clearly present the claim to the Washington Supreme Court. The Sixth Amendment to the United States Constitution and

ORDER ON REPORT AND
RECOMMENDATION- 6

Article I, Section 22 of the Washington Constitution both guarantee a defendant the right to effective representation. *State v. Grier*, 171 Wn.2d 17, 32 (2011)(*internal citations omitted*). It is not clear that his "ineffective assistance of counsel" claim here was intended to be a federal, and not a state claim. He failed to specifically point to a federal constitutional amendment or cite to federal case law. An appellate court is not required to review pleadings filed in the lower courts to "see if it could discover for itself a federal, constitutional issue." *Castillo*, at 1000. To exhaust his claim, Petitioner must have presented his federal, constitutional issue before the all Washington appellate courts "within the four corners of his appellate briefing." *Id*. His ineffective assistance of counsel claim based on the failure to request a lesser included offense is unexhausted and should be dismissed.

**Claim 6. Convicting Mr. Asaeli of first degree and second degree murder and first degree assault for shooting into a car occupied by Faalata Fola and Tiare-Ann Misionare violated double jeopardy. "The Washington Supreme Court and prosecutor talored [sic] a remedy contrary to United States Supreme Court precedent, relief is required**."

Mr. Asaeli objects to the recommendation that this claim should be found to be unexhausted. Dkt. 27. This claim is in an unusual procedural posture. The Report and Recommendation notes that Mr. Asaeli did not raise this claim on his own. Dkt. 26, at 22. Indeed, when his motion for discretionary review of the denial of his personal restraint petition was pending, the Washington Supreme Court Commissioner issued a Ruling and stated that he noted "an obvious double jeopardy issue arising from Mr. Asaeli's conviction, of both first and second degree murder of the same victim." Dkt. 27, at 41-42. The Commissioner remarked that "[w]hile the trial court properly declined to sentence Mr. Asaeli for second degree murder, it did not vacate that conviction, reserving it in the event the first degree murder conviction is reversed. The judgment and sentence is questionable in this regard." Dkt. 27, at 42. The Commissioner then requested further briefing from the State and a reply from Mr. Asaeli on the issue. *Id*. The

1  Commissioner did not rule on the other issues raised in the motion for discretionary review at
2  that time. *Id.*

3  The State filed a response, and acknowledged that double jeopardy had been violated.
4  Dkt. 27, at 45. It indicated that it had filed a motion in the superior court to correct the judgment
5  and sentence. Dkt. 27, at 45. The State also stated it contacted Mr. Asaeli's trial counsel about
6  the possibility of entry of an agreed order. *Id.*, at 46.

7  Mr. Asaeli filed a reply, and asserted that his double jeopardy rights were violated. Dkt.
8  27, at 57. He maintained that had he been charged in the alternative, he would have been
9  convicted of murder in the second degree. *Id.* at 59. He argues that the Supreme Court should
10 vacate his first degree murder charge and remand the case to the superior court for resentencing
11 on the second degree murder charge. *Id.*, at 65. He also argued that his trial counsel no longer
12 represented him. *Id.*, at 56.

13 The State filed a supplemental brief and notified the Commissioner that State had
14 obtained an order, with agreement from Mr. Asaeli's trial counsel, amending Mr. Asaeli's
15 judgment to eliminate the second degree murder charge. Dkt..27, at 71.

16 Mr. Asaeli moved to file a supplemental response to the State's supplemental brief. Dkt.
17 27, at 78. In this pleading, Mr. Asaeli argues that the State's failure to include him in the hearing
18 in which his judgment and sentence was amended was a violation of his due process rights. Dkt.
19 27, at 79. He objected to being bound by his trial counsel's assent to the alterations, arguing that
20 he had ineffective assistance of counsel claims pending against him. *Id.* Mr. Asaeli argued that
21 the amended judgment was entered without the Supreme Court's direction, and so was void. *Id.*

22 In the Ruling Denying Review, the Commissioner noted that "the State concedes that the
23 appearance of Mr. Asaeli's second degree murder conviction on his judgment and sentence

24

ORDER ON REPORT AND
RECOMMENDATION- 8

violates double jeopardy principles even though the trial court did not impose sentence on that conviction." Dkt. 27, at 85. He further noted that the judgment and sentence had been amended by agreement of counsel. *Id.* In a footnote, the Commissioner stated that he considered all Mr. Asaeli's arguments in his decision, and noted that in his prior ruling, he did not bar the State from "facilitating a remedy" to the double jeopardy issue by the State's "own initiative." *Id.,* at 85, n. 2. The petition for discretionary review was denied. *Id.* Mr. Asaeli's motion to modify the Commissioner's rulings was denied. Dkt. 27, at 88.

In so far as Mr. Asaeli's sixth claim is based on the argument that his double jeopardy rights were violated when he was convicted of both first and second degree murder of the same victim, it is unclear whether that claim was exhausted. Although he did not present the claim, it was raised, and the state courts had a "full and fair" opportunity to address the issue. Castillo, at 999. Even if it was unexhausted, this portion of the claim should, and will, be addressed below on the merits. 28 U.S.C. § 2254(b)(2)("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

In so far as Mr. Asaeli now argues as a part of claim six, that his due process rights were violated when he was not given an opportunity to appear at the hearing in which his judgment and sentence was amended by agreement of counsel, that portion of the claim was not presented to the state courts and they have not had an opportunity to decide the question. That portion of claim six is not exhausted and should be dismissed.

**B.  ON THE MERITS**

The standard for granting habeas corpus relief under the Anti-Terrorism and Effective Death Penalty Act is contained in the Report and Recommendation (Dkt. 26, at 17) and is

adopted here.  This opinion will now address the Mr. Asaeli's objections to the recommendations regarding the merits of Mr. Asaeli's claim 1, claim 5, and part of claim 6.

**Claim 1: The prosecutor violated Mr. Asaeli's constitutional rights to a fair trial and to due process under the 5th, 6th, and 14th amendments when the prosecutor committed misconduct in closing argument because the PowerPoint slides that he used misstated the law, trivialized the burden of proof, and provided opinions on Mr. Asaeli's credibility**.

The Report and Recommendation recommends that this claim be dismissed on the merits.  Dkt. 26.  The Report and Recommendation should be adopted.  Mr. Asaeli has failed to show that the state court's decision on this question was "contrary to, or involved an unreasonable application of, clearly established law, as determined by the United States Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings."  28 U.S.C. 2254(d).

In evaluating allegations of prosecutorial misconduct, "[t]he relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (*internal citation omitted*).

Mr. Asaeli objects to the recommendation that this claim be dismissed, arguing first that the "prosecutor repeatedly used powerpoint slides as props [sic] in a play to misstate the law and relieve itself of it's burden to disprove [sic] self defense."  Dkt. 27, at 6.  Mr. Asaeli then cites to a law review article purportedly regarding the use of visual aids to manipulate audiences.  *Id.,* at 7.  This objection does not provide a reason to reject the Report and Recommendations' findings or recommendations about this claim.

Mr. Asaeli reargues his prior assertions, that despite the superior court's instructions to the jury that counsel's argument is not the law, and that the law was to be found in the jury instructions, the jury "adopted the prosecutor's belief about what the law meant and misapplied

the law." Dkt. 27, at 7. He argues that the slides, read together, so "infected the trial with unfairness as to make Asaeli's conviction a denial of due process." *Id.* He argues that "[t]he trial court actually encouraged improper argument by overruling defense counsel's objections two times." *Id.*

As stated in the Report and Recommendation, "[t]here is nothing to support Mr. Asaeli's conclusion that the jury rejected the law set forth in the Court's instructions and used the statements in the Powerpoint slides instead." Dkt. 26, at 37. The Washington Court of Appeals thoroughly reviewed Mr. Asaeli's arguments regarding this claim and the controlling case law. Mr. Asaeli has not shown that this decision was contrary to "contrary to, or involved an unreasonable application of, clearly established law." He has not shown that "the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." His claim should be dismissed.

**Claim 5: Mr. Asaeli was denied effective assistance of counsel when his trial counsel failed to call additional character witnesses to the witness stand.**

Mr. Asaeli objects to the recommendation that this ineffective assistance of counsel claim, based on the failure to call additional witnesses, be dismissed. Dkt. 27. His objections should be rejected and the Report and Recommendation should be adopted as to claim five.

The Report and Recommendation concluded that Mr. Asaeli failed to show that the state court's ruling on this issue was "contrary to, or involved an unreasonable application of, clearly established law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Dkt. 26, at 42. In his objections, Mr. Asaeli repeats his arguments: he has "20 affidavits of loved ones, attesting to his good character as a loving person" and that this "evidence would have combated the State's prejudice attempts to paint Asaeli as a gang

member." Dkt. 27, at 9. He argues that this evidence was "nearly unrebutted" by defense counsel and so counsel's performance was deficient. Mr. Asaeli's arguments are addressed in the Report and Recommendation. The claim should be dismissed.

**Claim 6: Convicting Mr. Asaeli of first degree and second degree murder and first degree assault for shooting into a car occupied by Faalata Fola and Tiare-Ann Misionare violated double jeopardy.**

Mr. Asaeli's sixth claim should be dismissed. He has failed to show that that the state court's ruling on this issue was "contrary to, or involved an unreasonable application of, clearly established law, as determined by the United States Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The Washington Supreme Court found that Mr. Asaeli's double jeopardy rights had been violated, and the state courts crafted a remedy – that was the judgment and sentence was amended to strike the conviction for second degree murder. Although Mr. Asaeli argues that the first degree murder charge should have been stricken and he should be resentenced for second degree murder, he cites no authority that he is entitled to such relief. He makes no showing that the state court's handling of this claim entitles him to habeas relief. This claim should be dismissed.

## C. CERTIFICATE OF APPEALABILITY

Mr. Asaeli objects to the Magistrate Judge's conclusion that he is not entitled to a certificate of appealability. Dkt. 27. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could

1 conclude the issues presented are adequate to deserve encouragement to proceed further."

2 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

3     The certificate of appealability should issue. Petitioner has raised sufficient issues that a

4 jurist of reason could conclude that "the issues presented are adequate to deserve encouragement

5 to proceed further." *Miller-El*, at 327. The recommendation to deny a certificate of appealability

6 should not be adopted.

## ORDER

8     It is **ORDERED** that:

9 - The Report and Recommendation (Dkt. 26) **IS ADOPTED,** in part, and

10     **REJECTED**, only as to the Certificate of Appealability;

11 - The Certificate of Appealability **SHALL** issue.

12 - The Petition is **DENIED** and **DISMISSED** with prejudice.

13     The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge

14 Karen L. Strombom, all counsel of record, and to any party appearing *pro se* at said party's last

15 known address.

16     Dated this 27th day of August, 2013.

ROBERT J. BRYAN
United States District Judge